UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RENE F. FERNANDEZ,

                 Plaintiff(s),

v.

ROMEO ARANAS, et al.,

                 Defendant(s).

Case No. 2:16-cv-00812-JCM-NJK

ORDER

(Docket No. 30)

Pending before the Court is Plaintiff's motion for reconsideration. Docket No. 30. Defendants have filed a response in opposition. Docket No. 32. No reply has been filed. The Court finds the motion properly decided without a hearing. *See* Local Rule 78-1.

For the reasons discussed below, the motion is **DENIED** to the extent it relates to the undersigned's previous order. The Court otherwise expresses no opinion at this time subject to Plaintiff filing proper motions for relief consistent with the local rules.

**I.    Issues Properly Before the Court**

The initial thrust of Plaintiff's motion is seeking reconsideration of an order issued by the undersigned previously. *See* Docket No. 30 at 2-5. It appears Plaintiff may also be seeking reconsideration of the screening order issued by United States District Judge James C. Mahan. *See, e.g.*, *id.* at 5-9. That issue is not properly before the Court, as parties are required to limit each of their filings to addressing a single request for relief. *See* Local Rule IC 2-2(b). To the extent Plaintiff seeks reconsideration of Judge Mahan's screening order, he must file a new motion specifically identifying that as the relief requested and

limiting that filing to that relief. The Court will therefore proceed herein to resolve only the aspects of the motion related to the undersigned's previous order.[1]

## II.     Motion for Reconsideration

In the undersigned's previous order, the Court denied outright Plaintiff's requests related to his contention that Defendant violated the stay in this case and as it related to his request that the Court order the filing of an answer. *See* Docket No. 29 at 1, 2. Plaintiff seeks reconsideration of those aspects of the Court's order. Docket No. 30 at 3. Motions for reconsideration are disfavored. Local Rule 59-1(b). Reconsideration of an interlocutory order is appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a).

Plaintiff's pending motion fails to establish such circumstances here. *See* Docket No. 30 at 3. Accordingly, this aspect of the pending motion is **DENIED**.

## III.    Motion to Extend Copywork Limit

The Court previously denied without prejudice Plaintiff's request to extend his copywork limit for failing to make a sufficient showing. Docket No. 29 at 3. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC regulations, inmates can only accrue a maximum of $100 debt for copy work expenses for all cases. *See, e.g.*, *Weddle v. Baker*, 2014 U.S. Dist. Lexis 151674, *3 (D. Nev. Oct. 27, 2014). "In this district, courts have found that they can order a prison to extend limited photocopying 'when it is necessary for an inmate to provide copies to the Court and other parties.'" *Santos v. Baca*, 2014 WL 6792006, at *1 (D. Nev. Dec. 2, 2014) (quoting *Allen v. Clark Cnty. Det. Ctr.*, 2011 U.S. Dist. Lexis 31756 (D. Nev. Mar. 11, 2011)).

Plaintiff contends here that it is not feasible for him to make copies through alternative means, such as by hand. *See* Docket No. 30 at 4. Such a bare bones assertion is not a sufficient showing that Plaintiff's

---

[1] Plaintiff's motion seeks relief as to four issues related to the undersigned's previous order. The Court will consider all four issues herein as a one-time courtesy to Plaintiff. Moving forward, however, Plaintiff must file a separate motion for each request for relief being made.

2

copywork limit must be increased, and the Court is not persuaded that alternative means of copying are unavailable or not feasible in this case. Accordingly, this aspect of the pending motion is **DENIED**.

### IV. Exhibit to Motion for Summary Judgment

The Court previously denied without prejudice Plaintiff's request for access to Exhibit C to Defendant's motion for summary judgment. Docket No. 29 at 2. In particular, the Court noted that Plaintiff had failed to explain whether he had pursued available options to review that exhibit, including by reviewing his complete medical records under the direct supervision of medical staff. *Id.* Plaintiff's pending motion continues to assert that he has not received this exhibit. *See* Docket No. 30 at 3. Nonetheless, Plaintiff has again failed to explain whether he has pursued the avenues available to him to review the exhibit as previously outlined by the Court. *See id.* Accordingly, this aspect of the pending motion is **DENIED**.

### V. Conclusion

For the reasons discussed below, the motion is **DENIED** to the extent it relates to the undersigned's previous order. The Court otherwise expresses no opinion at this time subject to Plaintiff filing proper motions for relief consistent with the local rules.

IT IS SO ORDERED.

DATED: July 6, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge