# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RENE F. FERNANDEZ, | Case No. 2:16-cv-00812-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 45, 46) |
| ROMEO ARANAS, *et al.*, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to order service. Docket No. 45. Also pending before the Court is Plaintiff's motion for reconsideration of appointment of counsel. Docket No. 46. Defendant filed a response in opposition. Docket No. 47.

In looking further at the order issued on January 25, 2017, Plaintiff was not provided with the requisite USM-285 form to effectuate service on the four Defendants for whom the Attorney General's office did not accept service. Docket No. 10. Accordingly, Plaintiff's motion to order service, Docket No. 45, is hereby **GRANTED.**

In the interest of justice, the Court **INSTRUCTS** the Clerk's Office to send Plaintiff four (4) USM-285 forms, four (4) copies of the complaint, and a copy of this order. Plaintiff shall have thirty (30) days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant

information as to each Defendant on each form.[1] Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted to an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

Regarding Plaintiff's motion to reconsider appointment of counsel, the Court only appoints counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also* Docket No. 46. Plaintiff claims, in particular, that his inability to serve the four Defendants whose addresses are under seal creates "exceptional circumstances," which warrants appointment of counsel. Docket No. 46 at 2. In making its determination whether "exceptional circumstances" exist, the Court considers the likelihood of the success of the petitioner's claims on the merits and the petitioner's ability to articulate claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970. As with the Court's denial of Plaintiff's prior motion for appointment of counsel, Docket No. 42, the Court does not find "exceptional circumstances" that warrant the appointment of counsel, and Plaintiff's motion for appointment of counsel, Docket No. 46, is therefore **DENIED.**

IT IS SO ORDERED.

DATED: September 22, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff shall indicate that Defendants Ted Hanf, Joyce Chang, James Holmes, and Sean Su's addresses have been filed under seal with the Court. Docket Nos. 12, 27.